```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**KEVIN WAYNE BROWN,**

                  **Plaintiff,**

     v.                                             **CASE NO. 08-3043-SAC**

**FRANK DENNING, et al.,**

                  **Defendants.**

### O R D E R

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 while plaintiff was confined in Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff

---

[1] See Brown v. Dorneker, et al., Case No. 06-3245-CM (remainder of $350.00 district court filing fee); Brown v. Booker, Case No. 07-3103-SAC ($350.00 district court filing fee); Brown v. Denning, Case No. 07-3114-SAC ($350.00 district court filing fee).

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

In this action, plaintiff seeks damages for the alleged violation of his rights by state prison officials. Plaintiff claims he was convicted on false and retaliatory disciplinary reports filed by HCF Officer Ackley, and claims HCF Officer Martin conducted an unlawful disciplinary hearing on that report. Plaintiff further claims his administrative grievances about Ackley and Martin were not properly investigated or processed by prison officials within HCF and the Kansas Department of Corrections.

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). A plaintiff must also provide facts to establish each defendant's personal participation in the alleged deprivation of plaintiff's constitutional rights. Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996). Although a pro se litigant's pleadings are to be liberally construed, plaintiff retains "the burden of alleging

2

sufficient facts on which a recognized legal claim could be based." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having reviewed plaintiff's allegations, the court finds the complaint as supplemented and amended by plaintiff on February 13, 2008,[2] is subject to being summarily dismissed for the following reasons.

Ackely filed two disciplinary reports against plaintiff, charging plaintiff with disobeying orders, threatening or intimidating any person, insubordination or disrespect to officers or other employees, and interfering with official duties. Plaintiff claims these disciplinary reports were false and in retaliation for

---

[2] On February 20, 2008, plaintiff filed a motion to supplement the complaint, stating his intent to add additional defendants and claims. Plaintiff supplemented that motion with a later pleading filed on March 21, 2008.

To the extent plaintiff alleges misconduct by HCF Officer Schneider, a defendant named in the original complaint, related to plaintiff's service of the disciplinary segregation imposed in the disciplinary proceeding at issue in this matter, the court grants plaintiff's motion and treats the pleading as a first amendment allowed as a "matter of course" under Fed.R.Civ.P. 15(a). No new defendants are added by this amendment.

To the extent plaintiff attempts to add new claims and new defendants regarding his fall on wet flooring on August 25, 2007, regarding a new and separate disciplinary report that was dismissed, and regarding plaintiff's classification after leaving administrative segregation, the court denies leave to expand this action to include new claims and defendants wholly unrelated to plaintiff's claims in the original complaint. Plaintiff can pursue relief on such claims in a separate action.

3

plaintiff filing emergency administrative grievances to complain that Ackley was abusive and unprofessional, and that he was subjecting the cell block to unwarranted shakedowns whenever any prisoner in the cell block called Ackley a name.

Plaintiff also claims Hearing Officer Martin was biased and should have stepped down when plaintiff requested because Martin had discussed the charge with Ackley prior to the disciplinary hearing. Plaintiff was found guilty of the charged disciplinary infractions. The sanction imposed included the loss of 111 days of earned good time.

It is well recognized that "prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights...  [A]n inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Fogle v. Pierson, 435 F.3d 1252, 1263-64 (10th Cir. 2006)(quotation omitted), *cert. denied*, 127 S.Ct. 675 (2006).  In the present case, however, plaintiff's allegations against Ackley and Martin clearly implicate the validity of the disciplinary adjudication at issue in this case.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a prisoner seeking damages for "harm cause by actions whose unlawfulness would render a conviction or sentence invalid" must first prove the conviction or sentence has been overturned or otherwise invalidated.  Id. at 486-87.  *See also* Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)(state prisoner's § 1983 action is barred if success in action would invalidate confinement or its duration, no matter if prisoner attacks conviction or internal

4

prison proceeding or seeks damages or equitable relief).  Heck applies to prison disciplinary proceedings involving the loss of earned good time.  Edwards v. Balisok, 560 U.S. 641 (1997).  Because plaintiff's allegations of a false and retaliatory disciplinary charge and hearing process necessarily implicate the validity of this disciplinary adjudication, no cause of action for damages under 42 U.S.C. § 1983 arises until plaintiff first shows the adjudication has been overturned.  See Muhammad v. Close, 540 U.S. 749, 751 (2004)(Heck favorable termination rule applies if validity of prison disciplinary proceeding affecting revocation of good time credits is implicated).  No such showing is evident on the face of the record in this case.[3]

As to the remaining defendants named in the complaint, plaintiff alleges they failed to intervene in the disciplinary proceeding, failed to dismiss the false charges prior to the disciplinary hearing, and failed to process or decide plaintiff's grievances.  To the extent any claim for damages on such allegations is not barred by Heck, the court finds these allegations state no cognizable constitutional claim on which plaintiff can seek relief under 42 U.S.C. § 1983 because a prisoner has no right to either a grievance procedure or a particular response.

> "Prisoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights. Prisoners do have a constitutional right to seek redress of their grievances from the government, but that

---

[3] In his supplemental pleadings, plaintiff states that two of the four disciplinary charges were dismissed in his disciplinary appeal, and the loss of earned good time was reduced but not eliminated.  The adjudication of guilt on two charges remains.

>     right is the right of access to the courts, and this right
>     is not compromised by the failure of the prison to address
>     his grievances."  Wilson v. Horn, 971 F.Supp. 943, 947
>     (E.D.Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998)(Table).

See also Baltoski v. Pretorius, 291 F.Supp. 2d 807, 811 (N.D.Ind. 2003)(dismissing claims that corrections officers violated plaintiff's rights by failing to respond to his complaints, noting "the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy")(*citation omitted*). Plaintiff's right to petition the government for redress is the right of access to the courts, and that right is not presumed to be compromised by the refusal or failure of prison officials to entertain a grievance.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Accordingly, plaintiff's claims regarding defendants' alleged failure to follow grievance procedures, failure to respond to his grievances, and failure to provide grievance forms when plaintiff requested them are subject to being summarily dismissed as stating no claim for relief.

Additionally, plaintiff may not rest on the doctrine of respondeat superior to impose liability under § 1983. Rizzo v. Goode, 423 U.S. 362 (1976). See e.g., Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must have participated or acquiesced in the constitutional deprivation).  The court thus finds plaintiff's claims against the remaining defendants are also subject to being summarily dismissed because plaintiff alleges no personal participation by any of these defendants in any deprivation of plaintiff's constitutional rights, and because plaintiff's bare

6

claim of a retaliatory conspiracy involving these defendants is wholly conclusory.

The court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").[4] The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the full $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligations have been fully satisfied.

IT IS FURTHER ORDERED that plaintiff's motion to supplement and amend the complaint (Doc. 5) is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the complaint should not be dismissed as stating no claim for relief.

---

[4] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The clerk's office is to provide a copy of this order to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 13th day of August 2008 at Topeka, Kansas.


                                              s/ Sam A. Crow
                                             SAM A. CROW
                                             U.S. Senior District Judge